O'HARE PARNAGIAN LLP
Robert A. O'Hare Jr. (RO 6644)
Andrew C. Levitt (AL 8183)
82 Wall Street, Suite 300
New York, NY 10005
212 425-1401
212 425-1421 (f)

APPEL & LUCAS, P.C.
Peter J. Lucas (PL 9536)
1917 Market Street, Suite A
Denver, CO 80202
303-297-9800
866-849-8016 (f)

*Attorneys for Plaintiff*
*Franklin Credit Management Corporation*

UNITED STATES DIECTIRCT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
FRANKLIN CREDIT MANAGEMENT            :
CORPORATION,                          :  Index no.
                                      :
                         Plaintiff,   :  ECF Case
                                      :
            - against -               :  **COMPLAINT**
                                      :
                                      :  **JURY TRIAL DEMANDED**
ADVANCED FINANCIAL SERVICES, INC.,    :
                                      :
                         Defendant.   :
------------------------------------- x

Plaintiff Franklin Credit Management Corporation ("Franklin Credit"), by its attorneys, O'Hare Parnagian LLP, as and for its Complaint against defendants Advanced Financial Services, Inc. ("Advanced Financial"), respectfully alleges, upon knowledge with respect to itself and its own acts and upon information and belief with respect to all other matters, as follows:

## PARTIES

1. Franklin Credit is a Delaware corporation with its principal place of business at 101 Hudson Street, 25th Floor, Jersey City, New Jersey.

2. Advanced Financial is a Rhode Island Corporation with its principal place of business at 25 Enterprise Center, Suite 200, Newport, RI 02842..

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this judicial district and this Court has personal jurisdiction over Advanced Financial because Franklin Credit and Advanced Financial have consented and waived any objection to jurisdiction and venue in this district and this Court for any legal proceedings relating to the subject loan purchase agreements between them.

## FACTS

5. On or about January 16, 2005, Advanced Financial and Franklin Credit entered into a master loan purchase agreement (the "Master LPA"). The Master LPA set forth the terms by which Franklin Credit would purchase certain residential mortgage loans from Advanced Financial.

6. Each subsequent sale of mortgage loans by Advanced Financial and purchase by Franklin Credit was done pursuant to separate loan purchase agreements that incorporated the terms of the Master LPA, including a loan purchase agreement dated as of June 25, 2007 (the "6/25/07 Agreement").

7. In the Master LPA, Advanced Financial agreed to repurchase, within fifteen days of receiving notice from Franklin Credit, each loan in which the mortgagor (borrower) failed to make its first payment within thirty days of the payment due date of the loan ("Early Payment Default"). Specifically, Subsection 3.04(c) of the Master LPA provides:

> *Repurchase of Defaulting Performing Loans.* Notwithstanding paragraphs (a) and (b) above . . . if the Mortgagor fails to make the first payment due within thirty (30) days of the due date set forth in the Loan Schedule, Seller agrees to repurchase Mortgage Loan within fifteen (15) days of Seller's receipt of notice of such default from Purchaser.

8. Subsection 3.05(a) and Section 8.09 of the Master LPA set forth the provisions for indemnification and attorneys fees, respectively, and provide in relevant part:

> (a) *Indemnification.* Seller shall indemnify and hold Purchaser . . . harmless from and against any and all claims, costs, liabilities, losses and expenses (including counsel fees) arising out of or relating to any breach of the representations or warranties, or non-compliance with any covenant or obligation, contained in this Agreement which claims, costs, liabilities, losses and expenses are not satisfied and fully released by the Seller's compliance with the Repurchase provisions of Section 3.04. Purchaser shall have the right to demand indemnification without any need or requirement to demand repurchase.
>
> (b) *Attorneys Fees.* If any action or proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled.

9. Following Franklin Credit's purchases of mortgage loans, a certain mortgagor (borrower) failed to make the first payment within thirty days of the payment due date.

10. Thereafter, Franklin Credit put Advanced Financial on notice of the Early Payment Default with respect to the loan at issue, and demanded repurchase of the identified

3

loan.

11.     Advanced Financial has specifically refused or simply failed to repurchase the mortgage loan for which a demand for repurchase was made.

12.     As a result of Advanced Financial's conduct, Franklin Credit has suffered damages in excess of $88,000.

13.     All conditions precedent to the commencement of this action have been met.

## COUNT I
### (Breach of Contract – 6/25/07 Agreement)

14.     Franklin Credit repeats and realleges the preceding paragraphs as if fully set forth herein.

15.     Franklin Credit and Advanced Financial are parties to the 6/25/07 Agreement.

16.     The 6/25/07 Agreement, with certain exceptions not relevant here, incorporated all of the terms and conditions of the Master LPA, including Subsection 3.04(c).

17.     Franklin Credit has fully performed all of its obligations and satisfied all conditions precedent under the 6/25/07 Agreement and is ready, willing, and able to convey the subject loan to Advanced Financial following payment of the appropriate repurchase price for the loan.

18.     Advanced Financial has failed to repurchase the subject loan as demanded.

19.     Franklin has been directly and proximately damaged by Advanced Financial's conduct in an amount to be determined at trial but for a sum no less than $88,000.

## COUNT II
### (Indemnification – 6/25/07 Agreement)

20. Franklin Credit repeats and realleges the preceding paragraphs as if fully set forth herein.

21. Subsection 3.05(a) of the Master LPA, requires Advanced Financial to indemnify Franklin Credit against "all claims, costs, liabilities, losses and expenses (including counsel fees) arising out of or relating to a breach of the representations or warranties, or non-compliance with any covenant or obligation, contained in [the Master LPA]."

22. Subsection 3.05(a) of the Master LPA was incorporated and made a part of the 6/25/07 Agreement.

23. Franklin Credit has incurred losses and expenses in connection with Advanced Financial's non-compliance with the 6/25/07 Agreement.

24. Franklin Credit remains exposed to further loss and expense in connection with Advanced Financial's non-compliance with the 6/25/07 Agreement.

25. Franklin Credit has been damaged by Advanced Financial's conduct in an amount to be determined at trial.

## COUNT III
### (Attorneys' Fees – 6/25/07 Agreement)

26. Franklin Credit repeats and realleges the preceding paragraphs as if fully set forth herein.

27. Section 8.09 of the Master LPA, requires that when a party to it brings an action "for the enforcement of [the Master LPA], or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of [the Master LPA]," the prevailing

party is "entitled to reasonable attorneys' fees and other costs incurred in th[e] action."

28. Section 8.09 of the Master LPA was incorporated and made a part of all of the subject agreements between Advanced Financial and Franklin.

29. Franklin Credit has and will continue to incur attorneys' fees and expenses in connection with this action relating to Advanced Financial's conduct.

30. Franklin Credit is entitled to its attorneys' fees and expenses in an amount to be determined at trial.

## JURY DEMAND

31. Franklin Credit demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Franklin Credit Management Corporation respectfully requests judgment against Advanced Financial Services as follows:

(a)  On Count I, awarding Franklin Credit compensatory damages in an amount to be determined at trial, but for a sum not less than $88,000, together with interest thereon, costs, expenses, and disbursements incurred in this action;

(c)  On Count II, awarding Franklin Credit compensatory damages in an amount to be determined at trial, together with interest thereon, costs, expenses, and disbursements incurred in this action;

(d)  On Count III, awarding Franklin Credit compensatory damages in an amount to be determined at trial, together with interest thereon, costs, expenses, and disbursements incurred in this action; and

(e)     Granting Franklin Credit such other and further relief as the Court deems just and proper.

Dated: New York, New York
         February 14, 2008

O'HARE PARNAGIAN LLP

_____
Robert A. O'Hare Jr.
Andrew C. Levitt
82 Wall Street, Suite 300
New York, NY 10005
212 425-1401
212 425-1421 (f)

APPEL & LUCAS, P.C.
Peter J. Lucas (PL 9536)
1917 Market Street, Suite A
Denver, CO 80202
303-297-9800
866-849-8016 (f)

*Attorneys for Plaintiff*
*Franklin Credit Management Corporation*

O'HARE PARNAGIAN LLP
Robert A. O'Hare Jr. (RO 6644)
Andrew C. Levitt (AL 8183)
82 Wall Street, Suite 300
New York, NY 10005-3686
(212) 425-1401
(212) 425-1421 (facsimile)

APPEL & LUCAS, P.C.
Peter J. Lucas (PL 9536)
1917 Market Street, Suite A
Denver, CO 80202
303-297-9800
866-849-8016 (f)

*Attorneys for Plaintiff*
*Franklin Credit Management Corporation*

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
FRANKLIN CREDIT MANAGEMENT
CORPORATION, :
: 
: No.
Plaintiff, : ECF Case
:
-against- :
: **Rule 7.1 Statement**
ADVANCED FINANCIAL SERVICES, INC., :
:
Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Federal Rule of Civil Procedure 7.1, the undersigned counsel for plaintiff certifies that FRANKLIN CREDIT MANAGEMENT CORPORATION has no parent corporation and no public corporation owns 10% or more of it stock.

Dated: New York, New York
       February 14, 2008

O'HARE PARNAGIAN LLP

_____
Robert A. O'Hare (RO 3686)
Andrew C. Levitt (AL 8183)
82 Wall Street, Suite 300
New York, NY 10005
(212) 425-1401
(212) 425-1421 (facsimile)

APPEL & LUCAS, P.C.
Peter J. Lucas (PL 9536)
1917 Market Street, Suite A
Denver, CO 80202
303-297-9800
866-849-8016 (f)

*Attorneys for Plaintiff*
*Franklin Credit Management Corporation*

2